■ INGRID CORTIJO, Respondent, v METHODIST HOSPITAL, Appellant. [671 NYS2d 697] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Rappaport, J.), dated May 15, 1997, which denied its motion for summary judgment.

Ordered that the order is affirmed, with costs.

The Supreme Court properly denied the defendant's motion for summary judgment. There are material issues of fact which require a trial (see, CPLR 3212 [b]). Rosenblatt, J. P., Sullivan, Joy, Altman and Luciano, JJ., concur.

■ JUANA CRUZ, as Administratrix of the Estate of JOSE M. HERNANDEZ, Deceased, Respondent, v STATE OF NEW YORK, Appellant. [671 NYS2d 697] —In a claim pursuant to Court of Claims Act § 8-b to recover damages for unjust conviction and imprisonment, the State of New York appeals, as limited by its brief, from so much of an order of the Court of Claims (Nadel, J.), dated April 4, 1997, as denied its cross motion to dismiss the claim for failure to state a cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Court of Claims correctly denied the defendant's cross motion to dismiss the claim for failure to state a cause of action. The court properly rejected the defendant's contention that the personal representative of the now-deceased claimant, absent the live testimony of the latter, will be unable, as a matter of law, to establish the claim by "clear and convincing evidence" (Court of Claims Act § 8-b [1]; *Solomon v State of New York*, 146 AD2d 439; *Dozier v State of New York*, 134 AD2d 759).

We note that the order appealed from did not address the issue of whether the original claimant's testimony from a prior criminal trial is admissible in the instant claim pursuant to CPLR 4517, and we do not reach that issue. Thompson, J. P., Krausman, Goldstein and Luciano, JJ., concur.